BETANCOURT, PLAINTIFF AND APPELLEE, *v.* LARREGUI, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan, Section 1, in an Action for Temporary Support.

No. 1879.—Decided July 8, 1919.

DIVORCE—TEMPORARY SUPPORT—CONSTRUCTION.—The provisions of section 168 of the Civil Code that the sum to be paid to the wife by the husband for her separate maintenance shall be in proportion to his property, is not limited to a case where the husband may have separate property of his own, for, according to section 324 of the same code, the word "property" is applicable in general to anything of which riches or fortune may consist; therefore within this definition is included the salary or wages received by a person for his work. Besides, the English text of said section 168 reads that the amount shall be in proportion to the husband's means.

The facts are stated in the opinion.
*Mr. Carmelo Honoré* for the appellant.
*Mr. Enrique Gampillo* for the appellee.
MR. JUSTICE ALDREY delivered the opinion of the court.
Clemencia Betancourt alleged and proved in the lower

court that she is married to Jacinto Larregui; that she has brought an action for divorce; that she has no means for her maintenance nor properties of any kind, and that her husband is a mechanic and earns $18 a week.

The lower court ordered that the defendant pay to his wife the sum of $15 a month and in the appeal taken by the husband from that order he alleges as a ground for its reversal that the complaint and the evidence are insufficient because it was not alleged nor proved that the appellant owns property and his wages cannot be considered as property.

The provisions of section 168 of the Civil Code that the sum to be paid to the wife by the husband for her separate maintenance shall be in proportion to his property does not limit that obligation to a case where the husband may have separate property of his own, as maintained by the appellant, for, according to section 324 of the same code, the word "property" is applicable in general to anything of which riches or fortune may consist; therefore within this definition is included the salary or wages received by a person for his work. Besides, the English text of said section 168 reads that the amount shall be in proportion to the husband's means.

The order appealed from is

*Affirmed.*

Chief Justice Hernández and Justices Wolf, del Toro and Hutchison concurred.